899 F.2d 1223
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel R. WRIGHT, Defendant-Appellant.
 No. 89-6115.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1990.
 
 Before KENNEDY and RYAN, Circuit Judges; and ANN ALDRICH, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Defendant Samuel R. Wright pled guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). Defendant appeals the sentence imposed by the district court under the sentencing guidelines promulgated pursuant to the Sentencing Reform Act of 1984, as amended 18 U.S.C. Sec. 3551 et seq. (1982 ed. Supp IV) and 28 U.S.C. Secs. 991-98 (1982 ed. Supp. IV). Defendant contends the district court erroneously relied on Tennessee state law to sentence defendant under the aggravated assault provision of the sentencing guidelines, Sec. 2A2.2.
 
 
 2
 Sentencing guideline Sec. 2K2.1 sets forth the base offense level for the possession of a firearm by a convicted felon and provides that if the defendant uses the firearm to commit or attempt to commit another offense, then the base offense level for that offense, if higher, is used to calculate the offense level. Sec. 2K2.1(c). The district court found an aggravated assault was committed because, under Tennessee law, the display of a deadly weapon constitutes aggravated assault. Accordingly, the district court sentenced defendant under the aggravated assault provision of the guidelines, Sec. 2A2.2.
 
 
 3
 The guidelines sentence range, as calculated by the court, was 41 to 51 months in prison. The court credited the defendant with time served on a probation violation of a prior felony conviction and sentenced him to 25 months and 26 days in prison.
 
 
 4
 In sentencing guideline cases, this court accepts the factual findings of the district court unless the findings are clearly erroneous and gives due deference to the district court's application of the guidelines to the facts. 18 U.S.C. Sec. 3742(e).
 
 
 5
 Defendant requests this court to remand for resentencing because the district court applied Tennessee's definition of aggravated assault rather than the definition of aggravated assault in the commentary to Sec. 2A2.2.
 
 
 6
 "Aggravated assault" is defined by the commentary to Sec. 2A2.2 as:
 
 
 7
 [A] felonious assault that involved (a) a dangerous weapon with intent to do bodily harm (i.e., not merely to frighten), or (b) serious bodily injury, or (c) an intent to commit another felony.
 
 
 8
 We find the district court mistakenly relied on Tennessee law to find aggravated assault under the guidelines. However, we have reviewed the district court's findings and are satisfied that his findings equate to the definition of aggravated assault under Sec. 2A2.2(a): "... felonious assault that involved (a) a dangerous weapon with intent to do bodily harm (i.e., not merely to frighten),...." The district court found defendant hit the victim, his ex-wife, with the hand which held the gun and the force burst victim's eardrum. Therefore, the district court did not clearly err in finding defendant's conduct constituted aggravated assault.
 
 
 9
 We hold, therefore, that under the circumstances of this case, the district court's reliance on Tennessee law was harmless error. We AFFIRM the sentence imposed by the district court.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation